IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

JOHN WESLEY PURDY,                )
                                  )
        Plaintiff,                )
                                  )
v.                                )        Case No. CIV-24-668-R
                                  )
FNU CARTER, et al.,               )
                                  )
        Defendant(s).             )

## REPORT AND RECOMMENDATION

Plaintiff, who appears *pro se*[1] and *in forma pauperis* (without prepayment of fees),[1] has filed this action alleging violations of his civil rights and the Americans with Disabilities Act ("ADA").  (Doc. 1).[2]  United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), and (C).  (Doc. 4).  As set forth fully below, the undersigned recommends that the Court **DISMISS** all of Plaintiff's claims without prejudice.

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  But the court cannot serve as Plaintiff's advocate, creating arguments on his behalf.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

## I.  Overview of Complaint

Plaintiff is, or at one time was, confined at the Jackson County Jail in Altus, Oklahoma.[3]  (Doc. 1, at Ex. 3).  He names three employees of the Jackson County Jail as defendants: 1) "Nurse Carter," the jail's nurse; 2) "Able," the jail administrator; and 3) "Cora," a jailer.[4]  (Doc. 1, at 2).  Plaintiff did not request any particular relief, but asserts the amount in controversy is $200,000.  (*Id*. at 4).

Plaintiff contends Nurse Carter and Cora denied him medical treatment on or around April 1, 2024.  (*Id*.)  He asserts this denial of medical treatment caused his "disability to get worse."  (*Id*.)  He contends that that "Jackson County Jail" denied him medical treatment because he is disabled and that "they took away the ability to request medical treatment after politely requesting meds for a month."  (*Id*. at Ex. 1).  Plaintiff also asserts that Cora forged Plaintiff's initials on the "morning med. sheet" on or about June 21-23, 2024, indicating he received medications he did not actually receive.  (Doc. 1, at 4; *id.* at Ex. 1).

Plaintiff contends he has "flash backs that last the whole day about once a week" due to being away from his medications and therapy "for that long."  (Doc. 1, at 4).  He asserts that "anxiety from the flash backs is so bad he h[as] to cover [his] head in bed the

---

[3] Although Plaintiff has listed a different address for himself from that of the jail, (Doc. 1, at 1), the envelope in which he sent his Complaint notes that it "is mail from an inmate of the Jackson County Jail."  (*Id.* at Ex. 3).  Plaintiff has since filed a change of address form indicating a new address.  (Doc. 8).

[4] Plaintiff does not identify whether he brings his claims against these defendants in their individual capacities, official capacities, or both.  The undersigned liberally construes the Complaint as bringing claims against Defendants in both capacities.

whole day at times." (*Id.*)  He contends his "disability has progressed because of this." (*Id.* at Ex. 1).

## II.    Screening

Federal law mandates the screening of each complaint in a civil action filed by a prisoner seeking redress from a governmental entity or an officer or employee of a governmental entity and each case in which the plaintiff proceeds *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(e)(2).   The court must dismiss a complaint or any portion of it that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *Id.*

In reviewing the complaint, the court must accept Plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff.  *See Kay v. Bemis,* 500 F.3d 1214, 1217 (10th Cir. 2007).  The court must determine "whether the complaint includes enough facts to state a claim to relief that is plausible on its face."  *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (internal quotation marks and citation omitted).   Bare legal conclusions in a complaint are not assumed to be true; legal conclusions "must be supported by factual allegations" to state a claim upon which relief may be granted.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense."  *Id.*; *see also Gee v. Pacheco*, 627 F.3d 1178, 1184-85 (10th Cir. 2010) (discussing *Iqbal*).

**III.    Plaintiff Fails to State a Claim for Deliberate Indifference to Serious Medical Needs.**

Liberally construed, Plaintiff alleges that jail officials have been deliberately indifferent to his serious medical needs because they denied him medication. (Doc. 1, at 4; *id.* at Ex. 1). For the reasons stated below, Plaintiff failed to state a claim on which relief can be granted.

**A.    Law Governing Deliberate Indifference Claims**

The Eighth Amendment, applied to the states by the Fourteenth Amendment, proscribes cruel and unusual punishment, including "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-05. Pre-trial detainees have "access to the claim under the Fourteenth Amendment." *Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020). Plaintiff has not stated whether he is a pre-trial detainee or a convicted prisoner, but the court applies "the same deliberate indifference standard no matter which amendment provides the constitutional basis for the claim." *Id.* That standard has both an objective and subjective prongs.

The objective prong of the deliberate indifference standard looks to the nature and severity of the medical condition. *See Strain*, 977 F.3d at 989-90.

> To establish the objective component, the alleged deprivation must be sufficiently serious to constitute a deprivation of constitutional dimension. A medical need is [objectively] serious if it is one that has been diagnosed

by a physician as mandating treatment or one that is so obvious that even a
lay person would easily recognize the necessity for a doctor's attention.

*Id.* (internal citations and quotation marks omitted).

The subjective component of the deliberate indifference standard requires a Plaintiff
to demonstrate that a prison official "knows of and disregards an excessive risk to inmate
health or safety; the official must both be aware of facts from which the inference could be
drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference."
*Strain*, 977 F.3d at 989-90 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "A
plaintiff may prove awareness of a substantial risk through circumstantial evidence that the
risk was obvious." *Lance v. Morris*, 985 F.3d 787, 794 (10th Cir. 2021) (citing *Farmer*,
511 U.S. at 842-43).

### B.    Plaintiff's Allegations Do Not Plausibly Meet the Objective Prong.

Plaintiff's allegations are insufficient to state a claim for deliberate indifference
because the allegations in the Complaint do not plausibly meet the objective prong.
Plaintiff does not provide any information about his medical condition necessitating
medical treatment. He contends only that he is disabled and that Nurse Carter and Cora
denied his requests for medication and/or medical treatment. (Doc. 1, at 4; *id.* at Ex. 1).
These allegations are insufficient to plead that he has a serious medical condition because
he does not contend that he has been diagnosed by a medical doctor as requiring treatment
and nothing in the complaint suggests it would be obvious to a layperson that he required
treatment. *See Gee*, 627 F.3d at 1192 ("The complaint identifies no medical support for
the existence of the disorders and describes no symptoms that would alert a lay person to

the need for treatment.  Rather, the complaint alleges only a failure to treat self-diagnosed ailments, which is insufficient to establish an Eighth Amendment violation."); *Kennedy v. Bd. of Cnty. Comm'rs for Okla. Cnty.*, No. CIV-15-398-D, 2015 WL 4078177, at *2 (W.D. Okla. July 6, 2015) (finding the plaintiff failed to plead facts sufficient to establish a serious medical need where "the complaint d[id] not identify a diagnosed medical need at the time of [his] detention that mandated treatment, or a medical need so obvious that a lay person would have recognized the necessity for a doctor's attention."); *Floyd v. Turn Key Health Provider*, No. CIV-20-842-HE, 2021 WL 2371895, at *3 (W.D. Okla. May 4, 2021) ("Plaintiff describes his dental condition only in vague terms.  His description is not sufficient for the Court to determine that his condition is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."), *adopted*, 2021 WL 2371350 (W.D. Okla. June 8, 2021).  So Plaintiff's general allegation of a disability is insufficient to meet the objective prong.

Plaintiff also notes that as a result of "being away from [his] meds and therapy for that long," he has day-long flashbacks about once per week, causing anxiety and a need "to cover [his] head in bed the whole day."  (Doc. 1, at 4).  To the extent Plaintiff contends Defendants failed to provide treatment or medication for anxiety, it is not a condition that "automatically qualifies as a 'serious medical need'" because it "encompass[es] a spectrum of seriousness."  *Steele v. Davis*, 2023 WL 5509341, at *7 (D. Kan. Aug. 25, 2023).  And

periodically laying in bed with a blanket covering one's face is not a condition so obvious that even a lay person would easily recognize the necessity for a doctor's attention.[5]

### C.    Plaintiff's Allegations Do Not Plausibly Meet the Subjective Prong.

Plaintiff's allegations do not demonstrate that Defendnats knew of and disregarded a substantial risk of harm to Plaintiff.  As noted above, Plaintiff has not described his condition other than to say it was a disability, and he did not allege that he provided Defendants with a more detailed description of his condition.  Further, Plaintiff does not allege any defendant knew about his anxiety or that he had to periodically lay in bed for a whole day.  Thus, the undersigned finds Plaintiff did not show that the Defendants knew of and disregarded an excessive risk to his health or safety.[6]

---

[5] A delay in care rises to an Eighth Amendment violation if the delay causes "substantial harm," which may be evidenced by "lifelong handicap, permanent loss, or considerable pain." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)). But Plaintiff's anxiety symptoms do not meet that threshold either.

[6] Plaintiff also contends the "Jackson County Jail" denied him medical treatment because he is disabled and that "they" took away his ability to request medical treatment after he requested medications for a month.  (Doc. 1, at Ex. 1).  Where Plaintiff brings claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original); *see also Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (explaining "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated").  So these allegations lodged against the jail or the collective group fail for that reason as well.

Because Plaintiff's allegations failed to satisfy the pleading standards for both the objective and subjective prongs of the deliberate indifference standard, his Eighth Amendment claims must be dismissed for failure to state a claim.[7]

## IV.    Plaintiff Fails to State a Claim Under the Americans with Disabilities Act.

Plaintiff also asserts a claim under the ADA.  (Doc. 1, at 3).  He contends the "Jackson County Jail denied [him] medical treatment" because he is disabled.  (Doc. 1, at Ex. 1, at 1).  The undersigned finds this claim should be dismissed for failure to state a claim.

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C.A. § 12132.  "This provision extends to discrimination against inmates detained in a county jail."  *Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007) (citing *Penn. Dep't of Corr. v. Yeskey,* 524 U.S. 206, 210 (1998)).  "To state a claim under Title II of the ADA, a plaintiff must allege: (1) he is 'a qualified individual with a disability;' (2) he 'was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;' and (3) 'such exclusion, denial of

---

[7] To the extent Plaintiff sues the defendants in their official capacities, his failure to state a claim forecloses any municipal liability.  *See, e.g.*, *Frey v. Town of Jackson, Wy.*, 41 F.4th 1223, 1239 (10th Cir. 2022) ("The crux of a municipal-liability claim is that a municipal policy or custom caused the plaintiff to suffer a constitutional injury. . . . Without a constitutional violation, Plaintiff has suffered no injury for which a municipality can be liable.").

benefits, or discrimination was by reason of the plaintiff's disability.'" *Crane v. Utah Dep't of Corr.*, 15 F.4th 1296, 1312 (10th Cir. 2021) (quoting *J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1295 (10th Cir. 2016)). "Failure to satisfy any of these prongs defeats an ADA claim." *Id.*

Plaintiff did not plead sufficient facts to establish he is a qualified individual with a disability. To be considered disabled under the ADA, an individual must have: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) be[] regarded as having such an impairment." 42 U.S.C. § 12102(1). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* § 12102(2)(A). Additionally, major life activities include "the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions." *Id.* § 12102(2)(B). Plaintiff asserts he is disabled, but he does not identify his impairment or any major life activities that are limited by his impairment.[8] In other words, Plaintiff's assertion of disability is conclusory, and he failed to plead facts necessary to meet a required element of a Title II ADA claim. *See Iqbal*, 556 U.S. at 679 (holding that legal conclusions "must

---

[8] To be sure, Plaintiff makes more specific assertions about what happened as a result of not being medicated – he has anxiety requiring him to periodically lay in bed with his head covered. (Doc. 1, at 4). But those symptoms occurred after Defendants allegedly discriminated against him.

be supported by factual allegations" to state a claim upon which relief may be granted.);

*Morris v. Patterson*, 2024 WL 1346509, at \*14 (D. Colo. Mar. 29, 2024) (finding the

plaintiff failed to state a claim where he did "not allege any facts to identify what disability

he had, which is part of the first element").

For the reason outlined above, Plaintiff's claim arising under Americans with

Disabilities Act should be dismissed without prejudice for failure to state a claim.[9]

## V.    Recommendation and Notice of Right to Object.

For these reasons, it is recommended that the Court **DISMISS without prejudice**

all of Plaintiff's claims.   **Plaintiff is advised of the right to file an objection to this**

**Report and Recommendation with the Clerk of Court by October 15, 2024,** in

accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  Plaintiff is further advised that

failure to timely object to this Report and Recommendation waives the right to appellate

review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d

656, 659 (10th Cir. 1991).

---

[9] Additionally, the ADA claims can be dismissed against the defendants in their individual
capacities because "Title II does not create individual liability."  *Brooks v. Colo. Dep't of
Corr.*, 715 F. App'x 814, 818 (10th Cir. 2017) (citing *Butler v. City of Prairie Village, Kan.*,
172 F.3d 736, 744 (10th Cir. 1999)).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

ENTERED this 24th day of September, 2024.


AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE